# IN THE UNITED STATES DISTR ICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RYAN MARTIN, :
    Plaintiff, :
     :
v. : CIVL ACTION NO. 19-CV-5763
     :
THE GEO GROUP, INC., *et al.*, :
    Defendants. :

## MEMORANDUM

Plaintiff Ryan Martin brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against both individual and institutional defendants. He has also filed a Motion for Leave to Proceed *In Forma Pauperis*.

## I.    FACTUAL ALLEGATIONS[1]

Martin is currently incarcerated at the George W. Hill Correctional Facility and the facts giving rise to his claim occurred at that facility. Martin alleges that, on September 2, 2019, the HVAC system in Unit 7C was not operational, and this caused a disturbance during lock down. The Defendant Correctional Emergency Response Team ("CERT") responded to the disturbance and, among other misdoings, allegedly fired pellets of pepper balls at participating inmates, then zip tied and assaulted the inmates. Affected inmates, including Martin, were moved to the medical unit, checked for injuries, and returned to Unit 7C. There, they allegedly remained on lockdown status, were not permitted to use the shower or phones, and were required to eat from trays in their cells, in violation of the prison's policy as set forth in the inmate handbook.

Martin also alleges that he was pulled off his bunk, slammed to the ground and assaulted by Defendant Sgt. Connolly and Correctional Officer Sirody (who is referred to in the body of

---

[1] The facts set forth in this Memorandum are taken from Martin's Complaint.

the Complaint, but not named as a defendant).[2] Defendant Sgt. Jones was the commanding officer at the time of this alleged conduct. Martin also alleges that the lock on his cell door was inoperable, and that Officers Rasheed and Thomas (who also are referred to in the body of the Complaint, but not named as Defendants) were aware of this prior to the riot.

Martin alleges that as a result of the foregoing conduct, he has suffered physical injuries and experienced mental health issues. He has allegedly been refused medical treatment and psychological care to address these injuries.

Based on these allegations, Martin is understood to be bringing claims based on conditions of confinement, and for excessive force and denial of medical care. He seeks monetary compensation for his injuries.

## II. STANDARD OF REVIEW

Martin is granted leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires dismissal of the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires determining whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Martin is proceeding *pro se*, his allegations must be construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] It is unclear whether this occurred during the September 2, 2019 disturbance or at some other time.

[3] However, as Martin is a prisoner, he must pay the filing fee in installments in accordance with 28 U.S.C. § 1915(b).

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the question is "whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it does not satisfy Rule 8. *Id.* at 93. Dismissals under Rule 8 are "reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* at 94 (quotation omitted).

## III. DISCUSSION

Martin purports to state a claim for violations of his civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against George W. Hill Correctional Facility

Martin includes the George W. Hill Correctional Facility in the caption of his Complaint

3

but does not refer to it in the body. Even if he did, any § 1983 claim against George W. Hill Correctional Facility must be dismissed as frivolous because a prison is not a "person" under § 1983. *Cephas v. George W. Hill Corr. Facility*, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976). Martin's claims against the George W. Hill Correctional Facility will be dismissed with prejudice.

### B. Claims Against Delaware County and GEO Group, Inc.

#### a. Delaware County

Martin includes Delaware County in the caption of his Complaint but does not refer to it in the body of his Complaint. If Martin intended to include a claim against Delaware County, he has not adequately done so, and any such claim must be dismissed. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Martin must specify what exactly that custom or policy was in order to state a claim. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). Custom, on the other hand, requires showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. *Id.* A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part,

led to his injury." *Id.* (internal quotations and alterations omitted). Here, Martin has not alleged that Delaware County maintained a custom or policy that resulted in the alleged violations.

A plaintiff may also state a basis for municipal liability through a failure-to-supervise, train, or discipline claim. *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). The failure must rise to the level of deliberate indifference. *Id.* "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* Martin has not alleged that Delaware County or its agents failed to supervise, train or discipline the individuals named in the Complaint, whose conduct resulted in the alleged violation.

### b. Claims Against GEO Group, Inc.

Martin also includes a claim against the GEO Group, Inc. GEO Group Inc. is a private corporation under contract to provide services at the George W. Hill Correctional Facility. GEO Group is, nonetheless, a state actor subject to § 1983 liability. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. GEO Grp., Inc.*, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."). GEO Group may be liable under § 1983 if its policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *supra* Part III.B.a. It may also be liable for failure to supervise, train, or discipline its employees. *See Forrest*, 930 F.3d at 106.

Here, Martin has not tied any of the conduct or conditions of which he complains to a custom or policy of the GEO Group and has not alleged that GEO Group failed to supervise,

5

train or discipline any individual involved in the deprivation of Martin's rights.

  **C.**  **Claims against Sgt S. Jones and S. Kroniger**

  Martin includes a claim against Sgt. S. Jones in his Complaint and alleges that he was the commanding officer at the time of the events in question. There are two general ways in which a supervisor-defendant can be held liable for unconstitutional acts undertaken by subordinates. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). Second, a supervisor may be personally liable if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the unconstitutional conduct. *Id.* Martin does not allege that Defendant Jones, with deliberate indifference to the consequences, maintained a policy, practice or custom that resulted in the conduct that allegedly violated Martin's constitutional rights, nor does Martin allege that Jones participated in or directed the conduct or was even aware of it.

  Similarly, though Martin names Sgt. S. Kroniger as a Defendant, there are no factual allegations that Sgt. Kroniger was involved in any with the allegedly violative conduct. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, Martin must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Because Martin does not allege how Defendant Sgt. Kroniger was involved in the alleged violation of Martin's constitutional rights, the claims against him are not sufficient to

6

survive screening and will be dismissed without prejudice.

**D.    Martin's Remaining Claims**

As pled, Martin's Complaint largely does not comply with Rule 8. The factual recital in the Complaint includes references to conduct engaged in by individuals who are not named in the caption and fails to include factual allegations as to individuals and other defendants who are named in the caption. Further, although Martin alleges that CERT engaged in culpable conduct, it is not clear whether the individual corrections officers identified in the body of the Complaint, but not named in the caption, are members of CERT or whether Martin is raising claims about different incidents. As a result, it is difficult to understand and evaluate his claims.

*1. Conditions of Confinement*

Martin appears to be asserting a conditions of confinement claim based on the lack of access to phones and showers during the lock down following the September 2, 2019 disturbance, and the requirement that inmates eat in their cells, allegedly in violation of the inmate handbook. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). As Martin's status during the events described is not clear from the Complaint, his claim is analyzed under both Amendments.

To establish an Eighth Amendment violation based on conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).

Unconstitutional punishment, be it under the Eighth or Fourteenth Amendment, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell v. Wolfish*, 441 U.S. 520, 538-39, 539 n.20 (1979). In general, a prisoner or detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *cf. Edwards v. Northampton Cty.*, 663 F. App'x 132, 135 (3d Cir. 2016) (per curiam) ("[W]e . . . find no reason to apply a different standard here as we have applied the 'deliberate indifference' standard both in cases involving prisoners and pretrial detainees." (internal citations omitted)).

Martin alleges that he was denied access to showers and telephones during the lock down following the disturbance and was forced to eat in his cell. None of these conditions is sufficient to establish a constitutional violation under the Eighth Amendment. *Tapp v. Proto*, 718 F. Supp.2d 598, 620 (E.D. Pa. 2010) (no constitutional violation where prisoner was denied access to shower); *Williams v. Delaware Cty. Bd. of Prison Inspectors*, 2018 WL 3235788, at *10 (E.D. Pa. July 2, 2018) (no constitutional violation where prisoner was denied access to phone calls); *Mestre v. Wagner*, 2012 WL 299652, at *3 (E.D. Pa. Feb. 1, 2012) (no constitutional violation where prisoner was required to eat in cell where there was a toilet). Even if the conditions rose to the level of a constitutional violation, Martin does not allege how any of the named

Defendants were involved in or otherwise responsible for those conditions.

        2. *Excessive Force*

Martin also appears to be bringing a claim for excessive force based on the use of pepper pellets and zip ties during the disturbance, and Defendant Sgt. Connoley's and the CERT's alleged assault. To state an Eighth Amendment claim for excessive force, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). To state a due process violation based on excessive force, a pretrial detainee must allege facts to plausibly suggest that the force purposely or knowingly used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Considerations that may bear on the reasonableness of the force include: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any efforts made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

Martin alleges that unnamed members of the CERT fired pepper pellets on the unit in response to a "disturbance" and zip-tied Martin's wrists and assaulted him. Additionally, Defendant Sgt. Connolly allegedly threw Martin from his bunk, slammed him to the ground, and assaulted him. Martin's allegation that Defendants "assaulted" him contains insufficient detail to fully understand the nature of that incident. To state a claim, he must allege facts describing the force used, the circumstances under which it was used, and the injuries he suffered as a result. Moreover, there are no allegations as to any individual's state of mind.

### 3. *Failure to Provide Medical Treatment*

Finally, Martin appears to be asserting a claim for deliberate indifference to his medical needs following the assault. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4] *See Farmer*, 511 U.S. at 835. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A medical need is serious if it was diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity of medical attention. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

According to the Complaint, Martin was provided medical care immediately following the disturbance, then returned to his cell. He later claims he has been refused care for physical injuries sustained during the disturbance and the mental health issues that he is experiencing because of the incident. However, he does not describe any serious medical need, does not

---

[4] The standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam).

explain why or what further medical care is warranted, and does not identify who deprived him of access to care or why. His allegations will be dismissed without prejudice.

IV. **CONCLUSION**

For the foregoing reasons, Martin's motion for leave to proceed *in forma pauperis* will be granted, his claims against George W. Hill Correctional Facility will be dismissed with prejudice, and the remainder of the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) for failure to state a claim. Martin will be permitted to file an amended complaint to attempt to cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

March 13, 2020					BY THE COURT:

						**/s/Wendy Beetlestone, J.**

						_____
						**WENDY BEETLESTONE, J.**