IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN MARTIN, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5763 |
| | : | |
| THE GEO GROUP, INC., *et al.*, | : | |
|    Defendants. | : | |

## ORDER

AND NOW, this 13th day of March, 2020, upon consideration of Plaintiff Ryan Martin's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Martin, #19006127, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Martin's inmate account; or (b) the average monthly balance in Martin's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Martin's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Martin's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Superintendent of George W. Hill Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, Martin's claims against The George W. Hill Correctional Facility are **DISMISSED WITH PREJUDICE**.

6. For the reasons stated in the Court's Memorandum, Martin's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. Martin is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Martin's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 19-5763. If Martin files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Martin's claims. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Martin should be mindful of the Court's reasons for dismissing his Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Martin a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Martin may use this form to file his amended complaint if he chooses to do so.

8. If Martin does not file an amended complaint, this case may be dismissed without prejudice and without further notice for failure to prosecute.

BY THE COURT:

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**